19723

W. L. SMITH SUPPLY COMPANY, INC., Appellant-Respondent, v. DIXIE PLUMBING, HEATING AND AIR CONDITIONING, INC., Respondent-Appellant.

(200 S. E. (2d) 446)

444

*Messrs. Suggs, McCutcheon & Ray,* of Conway, and *Dusenbury, Hendrix & Little,* of Myrtle Beach, *for Appellant,* cite:

*J. M. Long, Jr., Esq.,* of Conway, *for Respondent,* cites:

Nov. 8, 1973.

BRAILSFORD, Justice:

This action in the Civil and Criminal Court for Horry County for an alleged balance due on an account for goods sold and delivered was, by consent, tried by reference. The master found that the defendant had overpaid the account by $17,691.85 and recommended that judgment be awarded on its counterclaim accordingly. The county judge agreed that the account had been overpaid but computed the amount of the overpayment to be $5,015.03 for which judgment was awarded to defendant against plaintiff. Both parties have appealed from the judgment of the county court.

Plaintiff's only witness was its treasurer, who had no firsthand knowledge of the transactions but who identified as business records ledger sheets and numerous invoices purporting to show the sale and delivery of supplies to defendant totaling $86,620.21 against credits of $82,562.00.

By its answer, the defendant had specifically denied receiving the supplies covered by twenty-three of the invoices and had denied thirty others on information and belief. It admitted having purchased and received the supplies covered by the remaining invoices included in plaintiff's statement of the account which, according to the answer, aggregated $60,459.99. However, its witnesses denied having received the supplies listed on only nine invoices totaling $6,943.64, and offered no evidence of non-delivery of the goods covered by the remaining disputed invoices. They also testified to cash payments of $2,062.55 not credited on the ledger.

The master held that plaintiff had failed to prove sale and delivery to defendant of the merchandise covered by the disputed invoices. However, taking into account the defendant's testimony and its concession of the receipt of mer-

chandise of the value of $60,459.99, he concluded that defendant had purchased and received supplies covered by invoices totaling $66,999.75. He also found that defendant had made cash payments to plaintiff of $2,062.55 for which it had received no credit. Adding this figure to the ledger credits of $82,562.77 and also adding $66.28 to balance errors in certain invoices the master concluded that defendant had paid $84,691.60 for goods of the invoice value of only $66,999.75, hence, his recommendation that judgment be awarded to defendant on its counterclaim for the difference of $17,691.85.

On plaintiff's exceptions to the report, the county judge agreed with the master's conclusion that plaintiff had failed to sustain its burden of proving that there is a balance due on the account for which it is entitled to judgment against the defendant, and with his conclusion the defendant had paid $2,062.55 for which it received no credit. However, the judge rejected the master's finding that deliveries to defendant amounted to only $66,999.75, entitling it to judgment on its counterclaim for $17,691.85. In doing so, the judge made the sound point that as to the counterclaim the burden of proof was upon the defendant to establish any claimed overpayment by the preponderance of the evidence. That is to say, the burden was upon it to establish that it had paid plaintiff for goods which it had not purchased and received. As already indicated, the only testimony supporting defendant's claim of payment for undelivered goods relates to nine invoices totaling $6,943.64. On the basis of this testimony, the judge found that the goods covered by these invoices had not been delivered to plaintiff. To calculate the amount of overpayment proved by defendant, the judge then deducted this sum and the $66.28 item, which the master had added to credits, from total sales claimed by plaintiff of $86,620.21. This left total debits of $79,610.29 for the purposes of the counterclaim. Judgment was awarded to defendant against plaintiff for the difference between this figure and total credits of $84,625.32, or $5,015.03. The only

findings of fact involved in this calculation which are disputed by plaintiff are (1) the defendant had proved nondelivery of goods covered by nine invoices amounting to $6,-943.64, and (2) that defendant had proved cash payments of $2,062.55 for which it had not received credit. Both of these findings are supported by evidence and are not subject to review by us in this law case.

Citing *Bond Bros. Cash & Delivery Grocery v. Claussen's Bakeries,* 184 S. C. 95, 191 S. E. 717 (1937), plaintiff seems to argue that defendant is estopped from denying receipt of the goods covered by the invoices by its conduct in accepting deliveries and making payments over the period covered by the running account. This question is not properly before us because it is not raised by an exception nor suggested by plaintiff's statement of questions involved.

The defendant complains that the county court rejected the recommendation of the master as to the amount to be awarded it on its counterclaim. The master found that plaintiff sold and delivered to defendant goods amounting to only $66,999.75, instead of $86,620.21 as reflected by the invoices. Of this amount the answer conceded $60,459.99. Like the county court, we are unable to ascertain from the report and record the basis of the master's finding. Defendant does not attempt to justify the figure. Instead, it seems to argue that plaintiff's failure to prove delivery of the invoiced goods for the purposes of the complaint relieved it of the burden of proving non-delivery for the purpose of the counterclaim. This is a misconception. As a counterclaimant, the defendant stood in the shoes of a plaintiff to the same extent as though the allegations of its counterclaim had been the basis of an original action against the adverse party. The burden was upon it to establish payment for goods not received and the extent of the resulting overpayment. As already indicated, the court's finding as

to the amount proved is supported by the evidence and is conclusive.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.